# Baysinger *v.* The State.

*Indictment for Forgery.*

1.  *Forged instrument; sufficiency to support indictment, with averment of extrinsic facts.*—An order written dimly in pencil, asking the person to whom it was addressed to send by the bearer, who was the defendant, "*$450 cents*," and signed by a name which appears to be *G. W. McGowe,* has the capacity to deceive, and is sufficient to support an indictment for forgery, with the additional averments that the amount called for· was intended for four dollars and fifty cents, and that the name signed to it meant *G. W. McGowen.*

2.  *Declarations of defendant, when delivering forged instrument.*—The declarations of the defendant on delivering the order to the person to whom .it was addressed, that it was written by *McGowen,* are admissible as evidence against him, as a part of the *res gestæ* connected with the act of utterance, and as supporting the averment of the indictment that the name signed to the order meant *McGowen.*

3.  *Province of court and jury, as to meaning of forged instrument.*—While it is the province and duty of the court to interpret and construe writings, and to instruct the jury as to their legal meaning and effect; yet, the writing alleged to have been forged being apparently signed *G. W. McGowe,* which the indictment alleged meant·and was intended for *G. W. McGowen,* a charge instructing the jury that the order "purports to be signed by G. W. McGowen" is an invasion of their province.

FROM the Circuit Court of Shelby.

Tried before the Hon. LEROY F. BOX.

The defendant in this case, Thomas Baysinger, was indicted for the forging of a written instrument, which was in these words: "*Mr. Pope, pleas send me $450 cents By the Bearer, Thome Baysinger, and oblige G. W. McGowe;*" which was written dimly in pencil, on a small scrap of paper, and the original of which was, by an order of the court below, sent to this court for its inspection.    The indictment contained two counts, the first charging that the defendant forged the writing, and the second that he uttered and published it as true, knowing it to be forged; and each count averred, in addition, that "$450 cents," as used in the writing, was meant and intended for "$4.50," and that " *G. W. McGowe*" was meant and intended for *G. W. McGowen.*    There was a demurrer to the indictment, which was overruled; and the trial was had on issue

[Baysinger v. The State.]

joined on the plea of not guilty. On the trial, as the bill of exceptions shows, " the State introduced one Pope as a witness, who testified, that he was a clerk in the store of McGowen & Pope, of which firm G. W. McGowen was a member; that one Wednesday in May, 1885, ·the defendant called at said store, and told witness he wanted to get some money; that he (witness) replied, that it would take good paper to get it; that defendant said he had the paper that would get it, and thereupon produced and presented the writing" above set out, "which he said was written by said G. W. McGowen," and that he gave the defendant $4.50 on said order. The defendant objected to the testimony of . this witness, and also to the admission of said order as evidence, on the ground of a variance between it and the writing described in the indictment. "The court then inspected the order and the indictment, and stated, in the presence of the jury, that the order was addressed to Pope, and purported on its face to have been signed by G. W. McGowen; and thereupon overruled the defendant's said objections, and admitted said order in evidence; to which ruling, and also to said remark of the court, the defendant excepted."

W. S. CARY, and W. T. JOHNSON, for the defendant, cited Bouv. Law Dic., vol. 1, p. 700; 2 *Ib.* 185; 17 Amer. Dec. 449; 1 *Ib.* 589; 22 *Ib.* 767; 39 *Ib.* 457; *Sayers v. The State,* 30 Ala. 15.

T. N. McCLELLAN, Attorney-General, for the State, cited *Gooden v. The State,* 55 Ala. 178; *Rembert v. The State,* 53 Ala. 467; *Butler v. The State,* 22 Ala. 43.

STONE, C. J.—The defendant was indicted for the forgery and uttering of an order purporting to be made by one G. W. McGowen, with intent to defraud. The order has been sent up for our inspection, by order of the trial court. It is in pencil, and very dim. A substantially correct copy is set out in each count of the indictment. The questions raised, and urged here for a reversal, relate to the sufficiency of the paper to deceive and defraud. It is contended that the alleged order is ambiguous and incomplete in two respects: First, in the sum of money it calls for; and, second, in the name of McGowen, which the indictment charges was forged.

In Clark's Manual, § 1148, it is said: "An appearance of validity on its face is enough to make the instrument a subject of forgery." In the same section it is said: "The law looks only to the falsity of the instrument, and the fraudulent use of it as genuine." In *Com. v. Stephenson,* 11 Cush. 481, it was decided, that "a person may be convicted of forging a check

on a bank, although the counterfeit does not so much resemble the genuine check of the drawer, as to be likely to deceive the officers of the bank on which it is drawn." So, in Clark's Manual, § 1157, quoting from Hawkins' Pleas of the Crown, is this language: "The notion of forgery does not seem to consist so much in the counterfeiting of a man's hand and seal, which may be often done innocently; but in endeavoring to give an appearance of truth to a mere deceit and fraud, and either to impose something false upon the world as the solemn act of another," &c. In *Rembert v. The State*, 53 Ala. 467, the entire instrument charged to have been forged was in the following language: *Due 8.25 Askew Brothers.*" There was a conviction, and after an elaborate consideration of authorities by BRICKELL, C. J., the judgment of conviction was affirmed. Speaking of the general rule, that if the instrument is void on its face, it can not be the subject of a forgery, this court said it must be taken with this limitation: "When the instrument does not appear to have any legal validity, nor show that another might be injured by it, but extrinsic facts exist by which the holder of the paper might be enabled to defraud another, then the offense is complete; and an indictment averring the extrinsic facts, disclosing its capacity to deceive and defraud, will be supported. The fact that the paper is incomplete or imperfect in itself, and that without the knowledge of extrinsic facts it does not appear that it has the vicious capacity, only renders it necessary that the indictment should aver the extrinsic facts." So, in *Gooden v. The State*, 55 Ala. 178, the name attempted to be forged was *Thweatt*, but the forged instrument had it *Threet*. There was a conviction, and this court approved the ruling of the court on that question. See, also, 3 Greenl. Ev. § 103.

The sum of money called for by the order was thus expressed—"*$450 cents.*" We think the most natural import of the writing—that which would ordinarily be put upon it—is, that it was an order for four dollars and fifty cents. The name *McGowen* is imperfectly spelled. The last letter—possibly the last two—are omitted. The indictment charges that the writer intended, in the words or marks he employed, to express the name *McGowen*. "*Meaning thereby McGowen*," is the language of the indictment. The meaning of the writer was thus made a question for the jury. When the order was presented by defendant, the testimony of the witness Pope was, that defendant said it was written by McGowen. This testimony was clearly admissible, for more reasons than one. It was part of the *res gestæ* of the act of utterance charged in the second count, and was admissible as such. It was also admissible as tending to show that the name attached to the order,

[Busby v. The State.]

obscurely written as it was, meant, in the mind of the defendant, if he wrote it or procured it to be written, what the indictment charged was its meaning. The verdict of the jury proves their finding to have been that such was the meaning of the writer, and that it was uttered with intent to defraud. It did deceive Pope, if his testimony be true.

In the bill of exceptions is the following language: "The court further stated, in the presence of the jury, that the order purported to be signed by G. W. McGowen; to which the defendant excepted." It is, as a rule, the duty of the court to interpret writings, and such interpretation is a law to the jury. The order on its face, unaided by extrinsic facts, does not purport to be signed by G. W. McGowen. There is something wanting to complete the third syllable. In the instruction (for so we must treat it) copied above, the Circuit Court erred; and for this single error, its judgment must be reversed.

Reversed and remanded. Let the defendant remain in custody, until discharged by due course of law.