Shannon v. The State.

No. 13,419.

SHANNON v. THE STATE.

CRIMINAL LAW.—*Forgery.—Indictment.— Uncertainty.*—A written instrument, reading, "September 4, 1886. Mr. T. Hemphill: Please let Charles Shannon have one dress pattern, and oblige (signed) Theodore Points," is so uncertain that the averment of extrinsic facts, showing its fraudulent tendency, is necessary to the sufficiency of an indictment charging forgery.

From the Fountain Circuit Court.

*L. Nebeker* and *H. H. Dochterman,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

HOWK, J.—In this case the indictment charged, " that Charles Shannon, on the 4th day of September, 1886, at and in the county of Fountain and State of Indiana, did then and there unlawfully, falsely, feloniously and fraudulently utter, publish and pass to one Thomas Hemphill, as true and genuine, a certain false, forged and counterfeit order, purporting to have been made and executed by one Theodore Points, for the payment and delivery of property, to wit, one dress pattern, to the said Charles Shannon, he, the said Charles Shannon, then and there knowing that said order was false and forged, which said false, forged and counterfeit order is as follows, to wit:

"' September 4, 1886.

"'*Mr. T. Hemphill*—Please let Charles Shannon have one dress pattern, and oblige          THEODORE POINTS.'

" That the words and letters, ' Mr. T. Hemphill,' in said false, forged and counterfeit order aforesaid, then and there mean, and were by him, the said Charles Shannon aforesaid, meant, and intended to mean, as follows, to wit, ' Mr. Thomas Hemphill; ' that he, the said Charles Shannon, did utter, publish and pass said false, forged and counterfeit order as aforesaid, with intent then and there and thereby to feloniously and fraudulently prejudice, damage and defraud the

said Thomas Hemphill, contrary to the form of the statute," etc.

Appellant's motion to quash the indictment was overruled by the court, and upon his arraignment he answered in two paragraphs, as follows:

1. A plea that he was not guilty, as charged in the indictment; and,

2. He averred that, at the time of the alleged uttering and passing of said forged and counterfeit order or instrument, set out in the indictment, he was a person of unsound mind.

The cause was tried by a jury, and a verdict was returned finding appellant guilty as charged, and assessing his punishment at confinement in the State's prison for the period of five years, and a fine in the sum of ten dollars. Over appellant's motion for a new trial, the court rendered judgment against him upon and in accordance with the verdict.

In this court errors are properly assigned by appellant, which call in question the overruling (1) of his motion to quash the indictment, and (2) of his motion for a new trial; and these errors we will consider in their order, and decide the several questions thereby presented.

1. The motion to quash the indictment was in writing, and it assigned two grounds of objection to the sufficiency of the indictment, namely: 1. That the facts stated therein did not constitute a public offence; and 2. That the indictment did not state the offence with sufficient certainty. These are two of the four statutory causes, for either of which causes, when apparent upon the face of the indictment, the defendant may move to quash. Section 1759, R. S. 1881.

Appellant's counsel earnestly insist that the indictment herein was not good, and the motion to quash it ought to have been sustained, for two reasons, namely:

"*First.* The instrument set out is not such an 'instrument of writing,' of which forgery, under our statute, can be pred-

icated ; and, as a necessary sequence, of which a charge of uttering or passing, as forged, can be predicated.

"*Second.* If such an instrument could be made the subject of a charge of forgery, or the subject of a charge of uttering a forged instrument, it could only be done by averment of extrinsic facts, showing the fraudulent tendency of the instrument, in view of the facts connected with its forgery or passing."

We will consider these two reasons, urged against the sufficiency of the indictment herein, in the order of their statement, and of their presentation and discussion here by appellant's learned counsel.

In the indictment under consideration, the offence charged. or intended to be charged, against the appellant, is defined, and its punishment prescribed, in section 2206, R. S. 1881. . In this section it is thus provided : " Whoever falsely makes or assists to make, defaces, destroys, alters, forges, counterfeits, prints, or photographs, or causes to be falsely made, defaced, destroyed, altered, forged, counterfeited, printed, or photographed, * * * any order, warrant, or request for the payment of money, * * * * or any other instrument of writing; with intent to defraud any person, body politic or corporate, or utters or publishes as true any such instrument or matter, knowing the same to be false, defaced, altered,. forged, counterfeited, falsely printed, or photographed, with intent to defraud any person, body politic or corporate,—shall be imprisoned," etc.

We have heretofore given an exact copy of the instrument of writing, on which the indictment against appellant is predicated.    It is clear that such instrument was not one of those specifically mentioned in our statute defining the crime of forgery.    But the law is that forgery may be committed of any instrument of writing which, if genuine, would or might operate as the foundation of another man's liability, or the evidence of his right.    3 Greenl. Ev., section 103 ; *Commonwealth* v. *Ray,* 3 Gray, 441.

In *Garmire* v. *State*, 104 Ind. 444, this court said: "The rule unquestionably is, that the indictment must show that the instrument is one having some legal effect, but it is not necessary that it should be shown to be a perfect instrument. 2 Bishop Crim. Law, section 533; *Reed* v. *State*, 28 Ind. 396."

If, in the case in hand, the instrument of writing, on which the indictment is predicated, purported to create a pecuniary obligation or liability upon another man, or would operate as evidence of a right of another man, or if, without reference to extrinsic facts, it appeared that such instrument was calculated to have some legal effect, it would be clear, we think, that the *first* reason of appellant's counsel, for claiming that such indictment was not good, is not well assigned and ought not to be sustained. *Harding* v. *State*, 54 Ind. 359; *Powers* v. *State*, 87 Ind. 97; *Myers* v. *State*, 101 Ind. 379.

We can not say from the written instrument in this case, whether, if genuine, it would or would not operate as the foundation of another man's liability, or as evidence of another man's right; whether it would or would not so operate, depended upon facts which were not apparent, and were not averred in the indictment. *Trout* v. *State*, 107 Ind. 578.

Here lies the difficulty, as it seems to us, with the indictment under consideration; it does not state the offence with sufficient certainty. This is the fourth statutory cause for quashing an indictment, and it was the second ground assigned in appellant's written motion to quash the indictment against him. In such indictment, the instrument of writing, upon which the charge of forgery was predicated, was set out at length. This instrument is so uncertain in its terms, that it can not be said, from merely reading it, what effect, if any, should or can be given thereto. In such a case, it is settled by our decisions, that the extrinsic facts connected with the uttering and passing of the false and forged instrument, as charged, must be averred in the indictment, so that the court may judicially see the fraudulent tendency of the instrument. *Reed* v. *State, supra; Powers* v. *State, su-*

*pra.* In the indictment we are considering, no extrinsic facts are averred, which show or tend to show the fraudulent tendency of the instrument, or which explain or remove the apparent uncertainties therein. The subject of the order, "one dress pattern," was uncertain in that it was not apparent whether it meant, or was intended to mean, sufficient material out of which to make a dress, or a pattern whereby to cut out a dress in accordance with fashion. The purpose of the request, whether it was the loan or the sale of one dress pattern, was uncertain and was not shown by any averment in the indictment. We conclude, therefore, that the indictment herein did not state the offence, intended to be charged, with sufficient certainty, and that, for this cause, appellant's motion to quash it ought to have been sustained. *State* v. *Cook,* 52 Ind. 574.

This conclusion renders it unnecessary for us now to consider or decide questions arising under the alleged error of the court below, in overruling appellant's motion for a new trial.

The judgment is reversed, and the cause is remanded with instructions to sustain the motion to quash the indictment.

Filed Jan. 29, 1887.