F. A. Simms v. The State.

*No. 319.　Decided June 17.*

1. **Practice—Bill of Exception as to Evidence.**—A bill of exception which merely states that certain evidence was objected to, but which does not show that the evidence was permitted to go to the jury, is wholly insufficient.

2. **Passing Forged Instrument — Allegation and Proof — Variance.**—In an indictment for passing a forged instrument, when the instrument set out was a certificate signed by R., to the effect that he had sold a certain note which he held on one L., to one S., and both L. and R. testified that L. did not owe R. a note of any description, *held*, a fatal variance between the allegation and the proof.

3. **Same — Indictment — Insufficient Averments.**—A writing so imperfect and obscure that it is not intelligible without reference to extrinsic facts. will not support an indictment for forgery, unless these facts are averred. and by averment it is made apparent that it has the capacity of effecting fraud. Hendricks v. The State, 26 Texas Cr. App., 176. See this rule applied to an indictment for passing a forged instrument, *held*, fatally defective for want of sufficient averments.

Appeal from the District Court of Leon.　Tried below before Hon. J. M. Smither.

This appeal is from a conviction for passing a forged instrument, the punishment being assessed at two years in the penitentiary.

Omitting formal parts, the charging portion of the indictment was as follows: " That before the presentment and filing hereof, with force and arms, in the county and State aforesaid, one F. A. Simms, on the 10th day of October, A. D. 1890, did unlawfully, knowingly, and fraudulently pass as true to Henry Lacy a forged instrument in writing, to the tenor following:

" Oct. 10, 1890.

" This is to certify, that I have sold the note I hold against H. A. Lacy to the said F. A. Simms.

" W. D. Russell.

" Which said instrument in writing the said F. A. Simms then and there knew to be forged, and did then and there pass the same as true,

with the intent to injure and defraud, against the peace and dignity of the State.''

A statement of the facts is unnecessary, in view of the disposition made of the case on this appeal.

*A. J. Bell, Dean & Dean, Kittrell & Allen,* and *William Watson,* for appellant.—1. The court erred in not granting a new trial to the defendant because of the failure of the proof to show that there was in existence any note that would have been affected by said instrument, and because the proof showed that there was no such note; hence there could have been no forgery.

2. An instrument to be the basis of a prosecution by the passing as true a forged instrument, must be such an instrument as could be made the basis of a prosecution for forgery; and an instrument to be the basis of a prosecution for forgery, the capability of being the subject of forgery must be such an instrument that if it had been true would have created, increased, diminished, discharged, or defeated any pecuniary obligation, or would have transferred or in any manner have affected the property.

3. The instrument alleged to have been passed purported to have been a transfer of a note due from Lacy to Russell, and the proof not only failed to show that there was any such note in existence, but showed, on the contrary, affirmatively, that there was no such note; hence there was no forged instrument, and the appellant could not have been guilty of passing as true such an instrument. Penal Code, art. 431; Anderson v. The State, 20 Texas Cr. App., 598; Howell v. The State, 37 Texas, 591.

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction was for passing a forged instrument.

1. Two bills of exception recite that the State offered to prove certain facts. Objections interposed by defendant were overruled. The bills do not state, nor is it shown by them, the offered evidence was admitted to go to the jury. For this omission they are fatally defective. We can not look to the statement of facts to ascertain or determine this fact. Burke v. The State, 25 Texas Cr. App., 172; Jacobs v. The State, 28 Texas Cr. App., 79; Jackson v. The State, 28 Texas Cr. App., 143.

2. The evidence does not support the allegations of the indictment. The instrument declared on reads as follows, to-wit: '' October 10, 1890. This is to certify, that I have sold the note I hold against H. A. Lacy to F. A. Simms. W. D. Russell.'' It is shown by the testimony of Russell and Lacy that Lacy did not owe Russell a note of any description. This constitutes a fatal variance.

3. We are further of opinion, that the indictment should have alleged directly, and not by way of inference, that H. A. Lacy had executed and delivered to W. D. Russell a note, setting it out, or was indebted to him on an account, as the case may be, and then assign the forgery upon the transfer of the instrument set out in the indictment and alleged to have been forged. Looking upon this indictment, it does not appear therefrom that the instrument upon which forgery is assigned created, increased, diminished, discharged, or defeated any pecuniary obligation, etc. Under this state of case, the rules laid down in Hendricks v. The State apply, and must be observed. Hendricks v. The State, 26 Texas Cr. App., 176; Shannon v. The State (Ind. Sup.), 10 N. E. Rep., 87; Hobbs v. The State, 75 Ala., 1; 1 Whart. Crim. Law, 8 ed., sec. 740; 2 Bish. Crim. Law, 7 ed., sec. 545. The judgment is reversed, and the prosecution dismissed.

*Reversed and dismissed.*

Judges all present and concurring.