## D. H. DAUD, ALIAS DAN JONES, v. THE STATE.

### No 731. Decided May 15.

1. **Forgery and Passing Forged Instrument—Instruments which are Subjects of.**—If an instrument is absolutely and everywhere inoperative without certain formalities, then to falsely make or utter it is not forgery. But if it be such an instrument as can be made good by explanation or innuendo, and, so explained, will import an obligation, if valid, it is the subject of both forgery and passing or uttering a forged instrument.

2. **Passing a Forged Instrument—Railroad Time Check—Explanatory and Innuendo Allegations.**—Where the instrument set out in an indictment for passing a forged instrument, was in the following words, viz "July 22nd, 1894 This is a correct statement of D 's time for work done on section 4 in the month of July Days worked, 14, board due, $6.50; balance due, $8 15. F T., Section Foreman," which was followed by explanatory allegations, to the effect, that it purported to be an obligation on the part of the railroad company executed by one of its agents, by which an employe could receive pay for work, etc., and that it was the usage and custom of the company to pay time checks so executed, and where the said indictment contained innuendo allegations as to the meaning of the terms and figures used in said instrument, showing it to be a time check or instrument for which the railroad was liable

in the sum of $8.15, balance due after deducting the amount of board, and a motion was made to quash the indictment because said instrument in itself was without legal force and effect, and could not be made effective by averment of extrinsic facts not suggested by said instrument, *Held*, the explanatory statements and innuendoes were properly and legally made, that the instrument so explained was of a character to im- port a pecuniary obligation, and was a subject of forgery, and as such, capable of be- ing uttered as a forged instrument.

3. **Proof of Innuendoes and Explanations**—It is not error for the court to ad-- mit testimony to prove innuendoes and explanations alleged in an indictment. Com- pare Dickson v. The State, ante, p. 1.

4. **Same—Charge—Harmless Error.**—While it is error for the court on a trial of forgery, or for uttering or passing a forged instrument, to submit to the jury in the charge the question as to whether the instrument imports a pecuniary obligation, and if not, to acquit, still, this being in favor of defendant, the error was harmless

APPEAL from the District Court of Hill. Tried below before Hon. J. M. HALL.

This appeal is from a conviction for uttering or passing a forged in- strument, the punishment assessed being a term of two years in the penitentiary.

Omitting formal allegations, the indictment is as follows:

"That one D. H. Daud, alias Dan Jones, in the county of Hill, and State aforesaid, on the 22nd day of July, in the year of our Lord one thousand eight hundred and ninety-four, with force and arms, did un- lawfully, knowingly, and fraudulently pass as true to J. P. Maupin, a forged instrument in writing, to the tenor following:

" 'July 22, 1894.

" 'This is a correct statement of D. H. Daud's time for work done on section 4 in the month of July: Days work, 14; board due, $6.50; bal- ance due, $8.15.          " 'F. THOMPSON, Section Foreman.'

"The above instrument, made as aforesaid by the said D. H. Daud, alias Dan Jones, is the usual and ordinary way by which the Texas Central Railway Company is informed of the time worked by men in its employ as section hands on its railway, and of the amount of money due said hands for each month's work, and of the amount of money to be deducted for board due by said section hands to the person who boards said section hands, and of the amount of money due and to be paid said hand by said company after said board is deducted, and that said instrument when made out by the said F. Thompson, as section foreman of said section number 4, on the Texas Central Railway, is an instrument negotiable and assignable in law, and is a charge upon the said Texas Central Railway company for the amount mentioned therein to any person who may hold same, and collectible in any court having jurisdiction of same. That the said F. Thompson is an em- ploye of the said Texas Central Railway Company in the capacity of section boss and foreman, and that some of his duties are to employ men to work under him on said railway on the section of said road as-

signed to him; to keep a correct statement of the time each man works, and at regular intervals to issue statements or time checks like the above, giving the amount of time worked, the amount of board due, and the amount to be paid to said hand by the said company after said amount of board is deducted; that, in issuing said statement or time check, he, the said F. Thompson, acts as the agent of said company by and with its authority, and each statement or time check so made by him is a valid binding pecuniary obligation upon said Texas Central Railway Company, and is so recognized and treated by said company; that it is the habit and custom and rule of said company that its section foreman shall give to each man working under him a statement or time check similar to the one set out herein, that it may know how much it is indebted to said hand; it is the further custom, habit, and rule of said railway company to require of the section foremen in its employ to insert in each statement or time check the amount of board due by each man working under them, which said amount of board is not paid to the party presenting said statement or time check, but is withheld by said company and paid by it direct to the party who boards said hands. The said instrument, as above explained, means: 1. By the expression, 'this is a correct statement of D. H. Daud's time for work done on section 4 in the month of July,' that it is a true and correct statement of the time worked by said D. H. Daud, alias Dan Jones, as a section hand under said F. Thompson, as section foreman of section 4 on the Texas Central Railway in the month of July, 1894. 2. By the expression, 'days work, 14,' means that he, the said D. H. Daud, alias Dan Jones, had actually worked on section number 4 on said railway fourteen days for the said Texas Central Railway Company. 3. By the expression, 'board due, $6.50,' that the said D. H. Daud, alias Dan Jones, was due to some one with whom he had been boarding the sum of $6.50, which was to be deducted out of the amount due him by said Texas Central Railway Company for the purpose of paying said board. 4. By the expression, 'balance due, $8.15,' that the amount to be paid the said D. H. Daud, alias Dan Jones, by said Texas Central Railway Company for his said fourteen days' work, after deducting his said board bill, is the sum of $8.15.' 5. By the expression, 'F. Thompson, section foreman,' that F. Thompson, the section foreman on said section 4, on the said Texas Central Railway, had signed same in his official capacity as the section foreman of said Texas Central Railway Company, and thereby creating a pecuniary liability on said railway company for the amount mentioned in said statement or time check, which said instrument in writing the said D. H. Daud, alias Dan Jones, then and there knew to be forged, and did then and there so pass the same as true, with intent to injure and defraud, contrary to the form of the statute in such cases made and provided, against the peace and dignity of the State."

Defendant's motion to quash, which was overruled, was as follows, viz:

"1.  Because said indictment does not set out an instrument upon which forgery can be assigned.

"2.  Because the instrument set out does not purport to be the instrument described in the indictment.

"3.  Because said indictment sets out an instrument of no legal force or efficacy whatever, and attempts to make said instrument effective by averments of extrinsic facts in no way suggested by said instrument, and without charging this defendant with knowledge of such facts.

"4.  Because this instrument, set out in said indictment, does not by its terms, words, figures, and marks appear to be that which by the allegations of said indictment it is made to be."

No briefs have come to the hands of the Reporter.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant in this case was convicted for the offense of passing as true a forged instrument in writing, with intent to defraud.  The appellant made a motion to the court below to quash the indictment, on the ground that same sets out an instrument of no legal force or effect whatever, and attempts to make said instrument effective by averments of extrinsic facts in no way suggested by said instrument, and without charging this defendant with knowledge of such facts, and because said instrument, as set out in the indictment, does not, by its terms, figures, and marks, appear to be that which by the allegation of said purport clause it is made to be. The instrument which the defendant is charged to have uttered is as follows:  "July 22, 1894.   This is a correct statement of D. H. Daud's time for work done on section 4 in the month of July:  Days worked, 14;  board due, $6.50;  balance due, $8.15.   F. Thompson, Section Foreman."   Then follow explanatory allegations in the indictment showing that same purported to be the obligation of the Texas Central Railway Company, and was signed by one Thompson, as the agent of said company; that it was the usage and custom of said company to execute through its agents an obligation on which employes were to receive their pay from the proper agent of the company.   It is further alleged by innuendo, stating the meaning of the terms used in said instrument, as follows, to wit:   "(1) By the expression, 'This is a correct statement of D. H. Daud's time for work done on section 4 in the month of July,' that it is a true and correct statement of the time worked by said D. H. Daud, alias Dan Jones, as a section hand, under F. Thompson, as section foreman of section 4 of the Texas Central Railway Company in the month of July, 1894; (2) by the expression, 'Days worked, 14,' is meant that the said D. H. Daud, alias Dan

Jones, had actually worked on section number 4 of said railroad four-teen days for said Texas Central Railroad Company; (3) by the ex-pression, 'Board due, $6.50,' that the said D. H. Daud, alias Dan Jones, was due some one with whom he had been boarding the sum of $6.50, which was to be deducted out of the amount due him from said Texas Central Railway Company for the purpose of paying said board; (4) by the expression, 'Balance due, $8.15,' that the amount to be paid to said D. H. Daud, alias Dan Jones, by said Texas Central Railway Company for his said fourteen days' work, after deducting his said board bill, is the sum of $8.15; (5) by the expression, 'F. Thompson, section foreman,' that F. Thompson, the section foreman of said section 4 of the said Texas Central Railway Company, had signed same in his official capacity as the section foreman of said sec-tion number 4 of the said Texas Central Railway Company, and thereby creating a pecuniary liability on said railway company for the amount mentioned in said instrument or time check." The court overruled the motion to quash, and the defendant now assigns the action of the court as error.

If the instrument is absolutely and everywhere inoperative, without certain formalities, then falsely to make or utter it is not forgery. This is illustrated in the case of a will. Where the statutes require so many witnesses to sign in order to make the will operative, unless the required number of witnesses appear to have signed the will the same is not the subject of forgery. But if it is such an instrument as can be made good by explanation or innuendo, and so explained will import an obligation, if valid, it is the subject of forgery. Mr. Bishop says: "Whether a particular writing is sufficient on its face may be a question of difficulty. If the writing is so far incomplete in form as to have an apparent uncertainty in law, whether it is valid or not, it does not follow that it may not be the subject of forgery. In such a case the indictment must allege such extrinsic facts as will enable the court to see that if it were genuine it would be valid." Now, the instru-ment in question does not show on its face whose obligation it is intended to be, but this is made certain by the averment as to the usage and custom of the Texas Central Railway Company in paying off its hands; that F. Thompson was section boss of section number 4, and was authorized to keep the time of the employes, and to draw in favor of such employes an obligation of this form, which was intended to secure their pay. It is shown, furthermore, that D. H. Daud was entitled to pay for fourteen days' work done for said Texas Central Railway Company, which was to be credited by $6.50 that he was due for board, and that the balance due him by said company was $8.15; and that an instrument in that form authorized the person to whom it was executed to present same to Texas Central Railway Company or its agent, and receive the balance due him. This instrument, so ex-plained, was of such a character as to import an obligation—an instru-ment which, if true, would authorize the owner thereof to maintain a

civil suit for work and labor done for said company—and in our opinion, was the subject of forgery, and, as such, capable of being uttered as a forged instrument. Rollins v. The State, 22 Texas Crim. App., 548; Hendricks v. The State, 26 Texas Crim. App., 176; King v. The State, 27 Texas Crim. App., 567.

Nor did the court err, in our opinion, in admitting testimony of witnesses to prove the innuendoes and explanations as alleged.

The court should have charged the jury that the instrument, as explained, was the subject of forgery; but the charge in that regard, while not telling them so in direct terms, assumed that it was the subject of forgery, and we see no error in this respect injurious to the defendant.

The court's submission to the jury, in a subsequent portion of the charge, of the question to find whether or not said instrument imported a pecuniary obligation, and to acquit the defendant if they believed it did not, was certainly more liberal than the defendant could have asked; and though error, it was not such as injured the rights of defendant.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.