### JOHN WOMBLE v. THE STATE.

No. 1605. Decided March 8, 1898.

**1. Forgery—Instrument on Its Face Not the Subject of Indictment.**

Where the alleged forged instrument, as set out in the indictment was as follows, viz.: "May 22, 1897, Mr. Brin, Ples let John Womble hame ine thing that he wornt—J. O. Thompson." Held, the instrument on its face, without explanatory averments by way of innuendo, does not import such an obligation as is the subject of forgery, and the indictment was defective for want of such innuendo averments.

**2. Attempting to Pass a Forged Instrument—Reputation of Defendant—Insanity.**

On a trial for attempting to pass a forged instrument, it is not error for the court to refuse to permit evidence to prove the reputation of defendant as a fool. Insanity is not provable by reputation.

APPEAL from the District Court of Kaufman. Tried below before Hon. JAMES E. DILLARD.

Appeal from a conviction for attempting to pass a forged instrument; penalty, two years imprisonment in the penitentiary.

Defendant made a motion to quash the indictment, which was overruled.

No statement necessary.

*J. D. Cunningham,* for appellant.—The court erred in not quashing the indictment, because it charges no offense under the statutes.

This instrument does not create, diminish, discharge, or defeat a pecuniary obligation; neither is there any explanation or words showing who Mr. Brin is, or what Mr. Brin had or owned, or what the meaning of the words as used in the instrument charged to be forged. Neither is

there any explanatory words showing what the party wanted that is charged with drawing the forged instrument. Nor is there any explanation of what the words "hame ine thing he wornt," nor the meaning of the words as used in the instrument; therefore the same is not the subject of forgery, without at least some explanation as to the meaning of the instrument. Shannon v. State, 109 Ind., 407; Anderson v. State, 20 Texas Crim. App., 595; Am. and Eng. Enc. of Law, 524; Hendricks v. State, 26 Texas Crim. App., 176; King v. State, 27 Texas Crim. App., 567.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of attempting to pass as true an alleged forged instrument in writing, and his punishment assessed at confinement in the penitentiary for a term of two years, and he prosecutes this appeal.

Motion was made to quash the indictment in the court below, on the ground: "First, because it charges no offense against the statute; second, the same is insufficient, because it does not allege that said false instrument would have incurred, diminished, discharged, or defeated any pecuniary obligation, or in any manner have affected any property whatever; third, the same is insufficient because vague and uncertain, and there are no explanatory words showing the meaning of the words used in the indictment, so as to make sense of the same." The motion was overruled, and appellant reserved his bill of exceptions. The charging part of the indictment is as follows: That defendant "did willfully, knowingly, and fraudulently attempt to pass as true to H. D. Kirsch a forged instrument in writing, to the tenor following: 'May 22nd—1897. Mr. Brin, Ples let John Womble hame ine thing that he wornt. J. O. Thompson'—which said instrument in writing the said John Womble then and there knew to be forged, and did then and there so attempt to pass the same as true, with intent to injure and defraud." The contention here is that the instrument, on its face, without explanatory averments by way of innuendo, does not import on its face such an obligation as is the subject of forgery. We think the objection well taken. Certainly, the use of the words "hame," "ine," and "wornt," should have been explained by innuendoes. More than this, in our opinion the indictment should have alleged, by a proper innuendo, the object and purpose of said order. If Mr. Brin was a merchant, and had goods for sale, this should have been alleged.

This opinion does not seem to be in exact accord with the case of Hendricks v. State, 26 Texas Criminal Appeals, 176, though the instrument in that case was in plainer terms than that upon which the forgery was predicated in this case. However, the rule here enunciated is in accord with Rollins v. State, 22 Texas Criminal Appeals, 548. In that case, however, there were innuendo averments. This is apparent from the opin-

ion, though the indictment is not set out. See also King v. State, 27 Texas Crim. App., 567; Simms v. State, 32 Texas Crim. Rep., 277; Daud v. State, 34 Texas Crim. Rep., 460; Shannon v. State, 109 Ind., 407, 10 N. E. Rep., 87; Baysinger v. State, 77 Ala., 63; Henry v. State, 35 Ohio St., 128; State v. Wheeler, 19 Minn., 98 (Gil., 70).

The court did not err in refusing to permit defendant to prove the reputation of appellant as being a fool, and that he was by common reputation regarded of unsound mind. Insanity is not provable by reputation. We find no error in the charge of the court; nor was there any occasion to give the special requested charges. For the error of the court above discussed in refusing to quash the indictment, the judgment is reversed and the cause dismissed.

*Reversed and dismissed.*