ISAAC FORCY, ALIAS WILL JONES, v. THE STATE.

No. 4567. Decided March 17, 1909.

**1.—Passing Forged Instrument—Indictment—Tenor and Purport Clauses.**

Where in a prosecution for passing a forged instrument the tenor and purport clauses were intermingled, and not separate and distinct in the indictment, the same was insufficient.

**2.—Same—Variance—Name of Injured Party.**

Where upon trial of passing a forged instrument there was a variance in the name of the injured party between the allegation and the proof, .there was reversible error.

Appeal from the District Court of Caldwell. Tried below before the Hon. L. W. Moore.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Ellis & Graves* and *O. Ellis, Jr.,* for appellant.—On question of indictment: Crawford v. State, 40 Texas Crim. Rep., 344, 50 S. W. Rep., 378; Cagle v. State, 39 Texas Crim. Rep., 109, 44 S. W. Rep., 1097; Head v. State, 72 S. W. Rep., 394; Wilson v. State, 75 S. W. Rep., 504; Alexander v. State, 28 Texas Crim. App., 186; Colter v. State, 40 Texas Crim. Rep., 165, 49 S. W. Rep., 379; Womble v. State, 39 Texas Crim. Rep., 24, 44 S. W. Rep., 827; Polk v. State, 40 Texas Crim. Rep., 668, 51 S. W. Rep., 909; Belden v. State, 50 Texas Crim. Rep., 565, 99 S. W. Rep., 563; Edwards v. State, 53 Texas Crim. Rep., 50, 108 S. W. Rep., 673.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of passing a forged instrument, and his punishment assessed at two years confinement in the penitentiary.

The charging part of the indictment is as follows: ". . . did then and there unlawfully, wilfully, knowingly and fraudulently pass as true to J. R. Jacobs a false and forged instrument in writing, which had theretofore been made, without lawful authority, and with intent to defraud, and was then of the tenor following:
'June the 10, 1908.
to Mr. Jacob (meaning Jacobs) and sons
pleas fill this oder (meaning order) for me
17 $ 35 c (meaning seventeen dollars and thirty-five cents)
             Harvey romal (meaning Roamell).'
all of which meant that R. Jacobs and Sons should fill an order and deliver to the bearer thereof, goods, wares, merchandise of the value

of seventeen dollars and thirty-five cents, and that Harvey Roamell would become liable to pay for same. Which said instrument in writing the said Isaac Forcy, alias Jones, then and there well knowing it to be false and forged, did pass as true with intent to injure and defraud."

It will be seen from an inspection of the above quoted indictment that the pleader attempted to set the instrument out by its tenor, which means an exact description of the .instrument itself, and incorporates in his effort to set out the tenor of the instrument the meaning of the instrument. The tenor and purport clause of an indictment should be separate · and distinct. It appears from the evidence in this case the indictment was predicated upon a forged order, signed Harvey Roamell, and addressed to Jacobs & Sons, requesting them to fill an order for $17.35. The amount is in figures, as stated above, and the explanatory and innuendo averments with reference to this amount and with reference. to other matters going to explain what the instrument purports to be, should· have been in the purport clause of the indictment and not in the tenor clause. Furthermore, there is a variance between the allegation and the proof in this: the indictment alleges that it was passed as true a false instrument upon J. R. Jacobs, when the evidence shows the forged order was passed upon Jacobs and Sons. If J. P Jacobs is a member of the firm of Jacobs and Sons, then this ·     should be alleged in the purport clause of the indictment, an     statement thereby made to the effect, that by· passing it upon said J. R. Jacobs, that said Jacobs was then and there a member of the firm of Jacobs and Sons. It follows from the above suggestions that the indictment is defective, and the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*