### James Chappel v. The State.

#### No. 324. Decided January 19, 1910.

**Forgery—Indictment—Explanatory Averments.**

Where, upon trial for passing a forged instrument, explanatory averments were used to explain the written instrument set out in the indictment, the same was sufficient, and there was no error. Following Rollins v. State, 22 Texas Crim. App., 548, and other cases. Overruling Forcy v. State, 55 Texas Crim. Rep., 545.

Appeal from the District Court of Bell. Tried below before the Hon. John D. Robinson.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment contained three counts: the first charges forgery; second, passing as true a forged in-

strument, and, third, knowingly having in possession the false instrument described, etc. The court submitted to the jury only the second count, to wit: passing the forged instrument. The charging part of this count is as follows: That "James Chappel did unlawfully, wilfully and fraudulently utter and pass as true to Otto Paschel a certain false and forged instrument in writing, the tenor thereof is as follows, to wit: Bartlett, Tex. (meaning thereby Bartlett, Texas), Receipt of cotton seed Sept. 9, '30, '07 (meaning thereby September 30, 1907), Three dollars & 65 c (meaning thereby Three & 65/100 dollars), 3.65 (meaning thereby $3.65). (Signed) Rev. Peach (meaning thereby Lewis Pietzsch)."

There are several grounds urged why this indictment should be quashed, and that the instrument is not sufficient to form a predicate for conviction. To these we can not agree. The instrument as set out and explained is sufficient under the authority of Rollins v. State, 22 Texas Civ. App., 548; Womble v. State, 39 Texas Crim. Rep., 24; King v. State, 22 Texas Crim. App., 650; Simms v. State, 32 Texas Crim. Rep., 277; Daud v. State, 34 Texas Crim. Rep., 460; Shannon v. State, 109 Ind., 407; Baysinger v. State, 77 Ala., 63; Henry v. State, 35 Ohio St., 128; State v. Wheeler, 19 Minn., 98. The Womble case, supra, was reversed for want of explanatory averments, but it refers to and reaffirms the doctrine laid down in the Rollins case, supra. The case of Forcy v. State, 55 Texas Crim. Rep., 545, from some of the expressions used, seems to be somewhat at variance to these views, but we do not believe that case is authority for holding contrary to the doctrine laid down in the Rollins case, supra, and the other cases cited. The language of the Forcy case, supra, indicates that the tenor and purport clauses were blended, and that this could not be done in describing the instrument in an indictment for forgery or passing a forged instrument. The tenor and purport clauses are different, and whether that statement in the Forcy indictment be correct or not, the averments here were explanatory of the otherwise not readily understood statement in the forged instrument. Explanatory averments are always in order to explain an instrument that is not clear and explicit in forgery cases, and explanatory or innuendo averments are not to be confounded with what is termed the purport clause. The tenor of an instrument is one thing, the purport of that instrument may be another, but neither are explanatory averments. The explanatory averments are intended to explain what might not otherwise be intelligible. Under the authorities cited, we are of opinion that the indictment in the case is sufficient. Forcy v. State, supra, is overruled.

The evidence is not sent up in the record, nor are there any bills of exception incorporated. This being the only question relied upon for reversal, we think it is not well taken, therefore the judgment is affirmed.

*Affirmed.*