## JAMES CHAPPELL v. THE STATE.

### No. 478. Decided March 2, 1910.

**1.—Forgery—Practice on Appeal.**

Where, upon appeal from a conviction of forgery, the questions raised were settled against appellant by former precedent, there was no error.

**2.—Same—Continuance—Time of Convening Court.**

Where, upon appeal from a conviction of forgery, it appeared from the record that the trial court had announced the evening before the trial that the court would be convened at a certain hour in the morning and that the case against defendant would be called, there was no error in overruling the application for continuance.

**3.—Same—Evidence—Handwriting—Expert Witness.**

Where, upon trial for forgery, it appeared that the witness was thoroughly familiar with defendant's handwriting, and sufficiently qualified to enable him to testify, there was no error in permitting him to testify that the handwriting of the alleged false instrument was that of the defendant.

**4.—Same—Evidence—Receipts—Book of Entry.**

Upon trial for forgery there was no error in permitting State's witnesses to testify that no receipt had been issued by them on the day of the alleged offense, without introducing the books.

**5.—Same—Circumstantial Evidence—Charge of Court.**

Where the possession and passage of the alleged forged instrument was shown by positive evidence, there was no error in the court's failure to charge on circumstantial evidence.

**6.—Same—Reforming Judgment.**

Where the defendant was charged with fraudulently uttering and passing as true a false instrument in writing, and the jury found a general verdict that defendant was guilty, as charged in the indictment, but the judgment adjudged defendant guilty of the offense of forgery, the same will be properly reformed on appeal.

Appeal from the District Court of Bell. Tried below before the Hon. John D. Robinson.

Appeal from a conviction of fraudulently passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant suffered a conviction in the District Court of Bell County on the 10th day of December, 1909, on a charge of forgery, wherein his punishment was assessed at confinement in the penitentiary for a period of two years.

1. All of the substantial questions raised in the appeal were settled against appellant in the case of Chappel v. State, 58 Texas Crim. Rep., 52, 124 S. W. Rep., 657, and call for no other or further treatment.

There was no error in the light of the court's explanation in overruling appellant's application for continuance. It is based mainly on the fact that the court convened and the case was called at 8:30 o'clock on the day on which the trial began. The court explained that this was his usual hour of convening, and further announced on the evening before that the court would convene at that hour, and that the case against appellant would be called. In the light of the court's explanation, which we must accept as true, it is obvious there is no merit in the application.

2. Again, complaint is made that the court erred in permitting Otto Peschal to testify that the handwriting of the alleged false instrument was that of appellant. This was objected to for the reason that the witness did not see him write same, and that his testimony was merely his opinion; and, further, because he had not qualified as an expert. By reference to the statement of facts it appears that this witness had testified that he was thoroughly familiar with appellant's handwriting, and sufficiently qualified to enable him to testify. See Batte v. State, 57 Texas Crim. Rep., 125, 122 S. W. Rep., 561.

3. By another bill it is urged that error was committed in permitting the witnesses, Will Bishop and L. Pietzsch, to testify that no receipt had been issued by them, nor anyone else, on the day that the

alleged false instrument was shown to have been issued. This testimony was objected to because it was not the best evidence, that the books that were kept by the gin was the best evidence. This bill was approved by the court with the explanation that both of the witnesses named testified that they never at any time issued any receipts for cotton seed sold or left and that no one else was authorized so to do; and that the books would not show the issuance of any such receipt as no such receipts were ever issued. The objection does not go to any statement made by the witnesses, but as to what the books showed, and that such evidence would be secondary. The effect of the evidence is merely that these witnesses or either of them did not issue any such receipts, and did not embrace and include any fact that would be shown by the books.

4. The next objection made is that the court erred in not charging the law of circumstantial evidence. This, under the facts as are disclosed, was unnecessary. The possession and passage of the instrument was clearly shown by positive evidence. See Batte v. State, supra.

5. The record shows that appellant was charged by indictment filed herein, in the first count, with the offense of forgery, and the second count, with fraudulently uttering and passing as true the false instrument therein recited. Under the charge of the court the jury were instructed to disregard the first count, and base their verdict solely upon the second count. Thereafter they returned into court the following verdict: "We, the jury, find the defendant guilty as charged in the indictment and assess his punishment at confinement in the penitentiary for a term of two years." (Signed) C. C. Grubbs, Foreman. Under the law this verdict would apply and relate to the count in the indictment submitted to them and was a finding of guilt in respect to the second count in the indictment. In the verdict and sentence, however, appellant is adjudged guilty of the offense of forgery, and is sentenced for such an offense by name. The judgment of conviction should have been for fraudulently passing a forged instrument, and the judgment and sentence should have conformed to the finding of the jury. The judgment of conviction will, therefore, in this court be reformed so as to adjudge appellant guilty of falsely and fraudulently passing as true a forged instrument, and the judgment when so reformed will be affirmed.

*Reformed and affirmed.*