## KLECK v. STATE. (No. 7930.)

(Court of Criminal Appeals of Texas. May 7, 1924. Rehearing Denied June 25, 1924.)

1. Libel and slander ⟨key⟩155 — Evidence held admissible to show complaining witness was party libeled in posted notice.

In prosecution for publication of written notice describing and libeling particular lawyer without naming him, it was proper to admit evidence as to appearance of various lawyers in town and as to complaining witness' appearance for purpose of identification.

2. Libel and slander ⟨key⟩155 — Evidence of interest of complaining witness' clients adverse to defendant and statements by defendant admissible.

In prosecution for libel in publication of notice, wherein complaining witness, a lawyer, was not specifically named, evidence that complaining witness represented clients whose interests were antagonistic to defendant's and verbal statements by defendant in accordance with those in the notice held admissible.

3. Criminal law ⟨key⟩480—Predicate for admission of testimony that libelous matter was in defendant's handwriting held sufficient.

In prosecution for libel, consisting of notice alleged to have been written by defendant, testimony by complaining witness, a lawyer, that he had seen defendant's signature on various documents, and was familiar with his handwriting, held sufficient predicate to render admissible testimony that he believed notice to be in defendant's handwriting.

4. Libel and slander ⟨key⟩155 — Evidence as to place of finding of libelous notice held admissible.

In prosecution for posting of libelous notices, where testimony showed that one was placed in front of particular store, testimony by witness that he had picked up one of such notices in front of that store held admissible.

5. Criminal law ⟨key⟩432—Admission in evidence of written poster held not error.

In prosecution for libel consisting of handwritten poster, admission in evidence of such poster held not violative of Rev. St. art. 3700, relating to introduction of written instruments, nor otherwise objectionable.

6. Criminal law ⟨key⟩1172(6)—Fact that instruction contained general statements not applicable to case held not to render same erroneous.

Instruction in prosecution for libel held not prejudicially erroneous because it contained general instructions relative to the offense not applicable to the instant case, where such nonessential elements were not applied to the facts by the court.

Appeal from District Court, Gillespie County; J. H. McLean, Judge.

Peter Kleck was convicted of libel, and he appeals. Affirmed.

W. C. Linden, of San Antonio, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for libel, punishment having been assessed at a fine of $350.

In the early dawn of a July morning in 1922 there was found posted in various places in the city of Fredericksburg in Gillespie county, written in longhand, the following notice:

### "Look Out! Look Out!

"There is a brown fellow here in town the people call him the secondhand lawyer. His grandfather was a regular horse thief and his father was and is a hog and cattle thief. Now that secondhand lawyer is stealing and robbing the people by law. Therefore look out! Look out! for that hypocrite quick and he will make any man miserable whoever comes in contact with him. He is worse than an open thief and worse than a highway robber. Believe me you can not trust him, not even in a s—— h—— without a muzzle on."

It is alleged that appellant made, published, and posted said notices with intent to injure A. P. C. Petsch, and that the statements therein contained were made of and concerning him. Mr. Petsch was an attorney at Fredericksburg. He was representing a number of clients whose interests were adverse to those of appellant. The latter entertained unfriendly feelings towards Petsch. On more than one occasion appellant had been heard to verbally express towards the grandfather and father of Petsch sentiments similar to those contained in the poster. A number of witnesses who were familiar with the signature and writing of appellant testified that in their opinion the libelous matter was written by him. We think it is made to appear with reasonable certainty that appellant was the author of the libel, and that it referred to A. P. C. Petsch. No defensive evidence whatever was offered.

By motions to quash and in arrest of judgment complaint is made of the indictment as lacking in explanatory or innuendo averments. The language hereinabove set out is given in the indictment as the alleged libelous matter. That it is of such character appears not open to debate. The innuendo averments claimed to be insufficient relate to allegations showing that the language was intended to refer to A. P. C. Petsch. In this respect we think the criticism without foundation.

[1-3] The court properly permitted evidence to go to the jury describing the appearance of the various lawyers who lived in Fredericksburg and practiced there, together with the description of Petsch. It was necessary for the state to prove that the libelous language referred to the latter, and this was

one circumstance to that end. Evidence admitted showing that Petsch was representing clients whose interest were antagonistic to appellant's, and verbal statements made by appellant in accord with those found in the posters relative to the grandfather and father of Petsch were admissible as circumstances tending to establish the identity of the author as well as of the party to whom reference was made. The prosecuting witness testified that in his judgment the alleged libelous posters were in the handwriting of appellant. Objection was interposed on the ground that witness had not shown himself sufficiently familiar with appellant's handwriting to admit such evidence. Witness said he had never seen appellant write, but that he had been familiar with his handwriting for two or three years; had seen his admitted signature to various documents and other admitted writing of appellant. This predicate made his testimony on the subject properly receivable. Underhill (3d Ed.) § 635; Haynie v. State, 2 Tex. App. 168; Chappell v. State, 58 Tex. Cr. R. 401, 126 S. W. 274; Bratt v. State, 38 Tex. Cr. R. 121, 41 S. W. 622. Many authorities upon the subject are collated under section 1411, Branch's Ann. P. C., and in the notes under article 814, C. C. P. Vernon's Cr. Statutes, vol. 2.

[4] The indictment alleged that one of the posters containing the libelous language was placed in front of the store of H. C. Maier. We perceive no valid objection to admitting the testimony of the witness Stehling that he picked up one of the posters in front of said store.

[5] When the state offered in evidence the alleged libelous matter, objection was interposed upon the ground, among others, that it was a written instrument, had not been filed among the papers for three days and notice thereof given appellant. We have not been favored with a brief for appellant, and are not advised of his theory upon which such objection was based. If he had in mind article 3700 of the Civil Statutes, it has no application to the character of instrument here involved, nor to those referred to in Lasher v. State, 30 Tex. App. 387, 17 S. W. 1064, 28 Am. St. Rep. 922, and in Gould v. State, 61 Tex. Cr. R. 195, 134 S. W. 695. The other grounds of objection seem to be equally without merit.

[6] Objection in writing to the charge was filed because it contained certain general instructions relative to the offense of libel not applicable to the present case. In applying the law to the facts, none of the nonessential elements as applied to the facts of this particular case were included, and we do not regard their inclusion in a general way in the charge as being harmful.

Finding no errors in the record calling for a reversal, the judgment is affirmed.