## No. 2507.

## J. Y. BURKE v. THE STATE.

CATTLE THEFT—OWNERSHIP—BRAND.—In a trial for cattle theft the State relied wholly on the brand found upon the animal for proof that the animal belonged to the person whom the indictment alleged to be the owner, but failed to prove that the brand had been duly recorded. A bill of exceptions reserved by the defense shows that the defense objected to a record of the brand adduced by the State, but does not set out the record of the brand nor allege that it was put in evidence over the objections made to it by the defense. *Held* that the evidence wholly fails to sustain the allegation of ownership made by the indictment, and consequently fails to support the verdict and judgment of conviction.

APPEAL from the District Court of Wilbarger. Tried below before the Hon. P. M. Stine.

By the verdict and judgment in this case the trial court awarded to the appellant a term of two years in the penitentiary for the theft of "one cattle, the same being the corporeal personal property of W. B. Worsham." For all practical purposes the case is sufficiently stated in the opinion of the court.

*Britt & Easton* and *M. V. LaBaume,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Ownership of the animal alleged to have been stolen was laid by the indictment in W. B. Worsham. Worsham testified at the trial, but knew nothing of the theft, nor of the animal stolen. The main State's witness said that the animal was branded STV. There was no other proof as to the ownership but this brand, and the record fails to show that this brand, STV, was Worsham's. To make out the case it was necessary not only to prove ownership as alleged, but, if the prosecution was relying to prove that fact by the brand upon the animal only, then the brand would not have been sufficient evidence of ownership unless it had been further proven that said brand had been duly recorded. (Rev. Stat., art. 4561.)

There is a bill of exceptions, it is true, which shows that de-

fendant objected to the record offered of the STV brand and several others, but even this bill of exceptions does not set out the record of the STV brand, nor does it set forth the fact that said record of said brand *was read in evidence* after the court overruled the objections made by defendant to it.

The evidence wholly and totally, as shown in the transcript before us, fails to prove the ownership of the animal in any one, and consequently is not sufficient to support the verdict and judgment of conviction. Wherefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*