JAMES JACKSON v. THE STATE.

*No. 3081.   Decided November 6.*

1.   Practice—Bill of Exceptions must show affirmatively that testimony objected to went to the jury, otherwise the question will not be reviewed on appeal.

2.   Burglary—Possession of Recently Stolen Property—Charge of the Court. It was proved on the trial that one of the sacks stolen at the time of the burglary was recently thereafter found in the house of the defendant.   *Held*, that, in view of such proof, the charge of the court was erroneous in omitting to instruct the jury that to warrant an inference of guilt from the circumstance of possession of recently stolen property, such possession must be personal and exclusive, must be unexplained, and must involve a distinct and conscious assertion of property by the defendant.

3.   Same.—It was also proved that some of the stolen sacks were found in the house of one K. recently after the burglary.   The charge of the court was erroneous in omitting to instruct the jury that it could not consider such proof against the defendant, unless it was further proved that said K. and defendant acted together in the commission of the burglary, and not then, unless it was shown that K. had personal and exclusive possession of said sacks, unexplained, etc.

4.   Same—Practice—Charge of the Court which presents an issue not raised by the evidence is erroneous.   But note that, in this case, the charge does not operate reversible error in this respect, the defense having omitted to reserve exception.

APPEAL from the District Court of Parker.   Tried below before Hon. J. W. Patterson.

This conviction was for burglary, and the penalty assessed was a term of two years in the penitentiary.

The opinion of the court states the proof involved in the rulings.

*J. M. Richards* and *George A. McCall,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—We are not called upon to determine the admissibility of the testimony objected to by defendant, as the bills of exception fail to show that said testimony was admitted.   The said bills merely recite that it was offered by the State, objected to by the defendant, and that defendant's objections thereto were overruled.   It should have been distinctly stated in the bills that the testimony was admitted and went before the jury.   Burke v. The State, 25 Texas Ct. App., 172; Willson's Crim. Stats., sec. 2368.

It was proved that one of the sacks stolen at the time of the burglary was recently thereafter found in defendant's house.   This evidence having been admitted, it was the duty of the court to instruct the jury, as a part of the law of the case, that to warrant an inference of guilt from the circumstance of possession of recently stolen property, such possession must be personal and exclusive, must be unexplained, and must involve a distinct and conscious assertion of property by the defendant.

Field v. The State, 24 Texas Ct. App., 422.    No such instruction was given.

Again, it was proved that some of the stolen sacks were found in the house of one Kilby recently after the burglary.    With respect to this testimony the court should have instructed the jury that it could not be considered against the defendant, unless it was further proved that said Kilby and the defendant acted together in the commission of the burglary (Pierson v. The State, 18 Texas Ct. App., 524), and not then, unless it was shown that Kilby had personal and exclusive possession of said sacks, unexplained, etc.    In the particulars mentioned we think 'the charge of the court is fundamentally erroneous, and we must therefore reverse the judgment.

In another particular the charge is erroneous, but it is not such error as is reversible in the absence of an exception, and we find no exception in the record.    In the ninth paragraph the rule relating to explanation of possession of stolen property is given.    There was no evidence that defendant made any explanation whatever, and no evidence calling for or warranting the said paragraph of the charge.    We call attention to this error in view of another trial of the cause.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Hurt, J., absent.