## SOLOMON RODGERS v. THE STATE.

*No. 752.    Decided June 15.*

1. **Bill of Exceptions to Evidence—Sufficiency of.**—A bill of exceptions to evidence is defective and insufficient which fails to show that the objectionable evidence was admitted and went to the jury.

2. **Same—Where the Evidence was Refused.**—A bill of exceptions to the rejection of proffered evidence is insufficient and defective if it fails to state the object and purpose for which the evidence was offered.

3. **Same—Indefinite.**—Where a bill of exceptions was reserved to the introduction by the State of a letter purporting to be signed by defendant, and the bill described it as a letter set out in the statement of facts, p. — (without stating the page), and the statement of facts contains more than one letter purporting to be signed by defendant, *Held*, the letter is not specified, and the bill is too indefinite.

4. **Rape—Evidence Sufficient.**—See facts stated which, in the opinion of the court, support a verdict and judgment for rape.

APPEAL from the District Court of Navarro.    Tried below before Hon. RUFUS HARDY.

This appeal is from a conviction for rape, the punishment being assessed at twenty years' imprisonment in the penitentiary.

A very brief but clear statement of the case will be found in the latter part of the opinion of the court below.

No briefs have come to the hands of the Reporter.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was given twenty years in the penitentiary under a conviction for rape.    The first bill of exceptions recites, that the State "offered in evidence a card that was alleged to have been hung on Mrs. Julia Maynard's door, on the night of April 27, 1894, being the night before defendant was arrested."    Then follows the card.    The defendant excepted.    The bill is too defective, in that it fails to set forth the fact that the card was admitted in evidence. Burke v. The State, 25 Texas Crim. App., 172; Jacobs v. The State, 28 Texas Crim. App., 79; Jackson v. The State, 28 Texas Crim. App., 143; Simms v. The State, 32 Texas Crim. Rep., 277; Gonzales v. The State, 32 Texas Crim. Rep., 611.

Appellant offered to prove by two deputy sheriffs, that just after the prosecutrix was ravished they "arrested one John Watts, and placed him in the county jail; and from statements made by J. W. Burgess, city marshal, and Mack Elliott, deputy marshal, as to the identity of John Watts as being the party that committed the rape, there was a mob collected to try to take said Watts from said sheriff, and said Sheriff Weaver had to run said Watts to Dallas to keep him from being mobbed."    The State's objection was sustained, and, while the bill does not so state, we might presume the testimony was not admitted. If the bill was otherwise sufficient, it does not show on its face or by

averments the object or purpose of offering this evidence. May v. The State, 25 Texas Crim. App., 117; Walker v. The State, 28 Texas Crim. App., 503; Graham v. The State, 28 Texas Crim. App., 582; Martin v. The State, 32 Texas Crim. Rep., 441; White v. The State, 32 Texas Crim. Rep., 625.

"The State offered in evidence a letter purporting to be signed by defendant; said letter set out in statement of facts, page —, to which counsel for defendant objected, because it was not sufficiently proven that defendant wrote said letter." The bill does not mention the page, and there is more than one letter set out in the statement of facts, purporting to have been signed by defendant. The letter objected to is not specified. The bill is too indefinite. Willson's Crim. Stats., secs. 2368, 2516.

It is contended that the evidence is not sufficient to justify the verdict. The testimony for the State amply supports the conviction. If true, as disclosed by the evidence, the defendant, a negro, went to the residence of Mrs. Maynard, a white woman, at 2 o'clock in the morning, and with a pistol in hand forced himself into her house, and by violence and threats accomplished his purpose, and had carnal intercourse with Mrs. Maynard, without her consent. The offense of rape was made out under the statute. His defensive matters were to the effect that he was at a different place, did not enter the house, was too weak of mind to be responsible for his acts, and too feeble of body to have accomplished his purpose. These matters were all fairly submitted to the jury, and solved by them adversely to appellant. As presented to us by this record, we do not feel authorized to disturb the conviction, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.