## FRANK FORRESTER V. THE STATE.

### No. 1585. Decided October 27, 1897.

38 245
39 18

**1. Evidence—Cross-examination of Witness as to Animus.**

On a trial for rape, defendant asked S., a State's witness, if he (S.) had not attempted to get one H., the defendant's landlord, to take the rented land from defendant and let him (S.) rent it, and that the landlord had refused to do so? The witness S. answered, "No." Defendant then proposed to impeach him by H., the landlord, and the court refused to permit him to do so. Defendant claims that he was entitled to the evidence in order to show S.'s animus towards him. Held, the fact that S. proposed to rent the land, unconnected with any other fact, would not show animus against defendant which would authorize his impeachment as to such matter.

**2. Same—Character of Defendant—Cross-examination as to.**

On a trial for rape, where defendant introduced a witness who testified in chief to his, defendant's, good reputation in the neighborhood in which he lived for chastity and virtue, Held, competent for the State, on cross-examination, to ask the witness if he had ever heard of defendant's "being too thick with Mattie P.," a woman not involved in the case on trial.

**3. Same.**

While particular acts of bad conduct are not admissible to assail character on the direct examination, a witness deposing to general character may be cross-examined as to particular facts in order to test the soundness of his opinion and elicit the data on which it was founded.

APPEAL from the District Court of Bell. Tried below before Hon. JOHN M. FURMAN.

Appeal from a conviction for rape of a female under the age of 15 years, penalty assessed being imprisonment for life in the penitentiary.

Appellant (Frank Forrester) was a married man, aged 56 years. The prosecutrix (Mattie May) was a child who was not quite 13 years of age at the time of the trial. Her father was dead, and her mother, who was too poor to take care of her, had given her to Forrester and his wife to raise. She had lived with the Forresters three years, being about 9 years of age when she went to live with them. According to her testimony, he had compelled her to submit to his lust off and on from the time she was between 9 and 10 years of age, taking her with him to the river bottom when he would go to haul wood, and frequently whipping her when she would refuse to submit; making her sleep with him at night during his wife's absence from home. After Forrester's arrest for the crime, at the instance of the district and county attorney, Dr. Frank Allen made an examination of Mattie May, the prosecutrix. He testified that he found the vagina very much dilated for a girl of her age. He introduced his finger into it to the fourth joint and found it very flexible in the inside. It had been dilated by something, he could not tell what, or whether it had been done recently or not. Found it in a state of irritation and congestion. The girl's breasts were just forming. Found no hymen. It is not deemed essential to give any portion of the other testimony in the case.

Defendant on the trial introduced evidence as to his good reputation for chastity and virtue. The questions growing out of the introduction of this testimony are fully disclosed in the opinion.

*Harris & Saunders*, for appellant, filed an able brief, which also contained an eloquent argument upon the facts and their insufficiency to sustain the conviction.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of rape, and his punishment assessed at imprisonment in the penitentiary for life; hence this appeal.

Appellant's bills of exception raise certain questions as to the admissibility of evidence. Walter Shook, witness for the State, was asked by the defendant on cross-examination if since the arrest of the defendant, and before that time, he did not approach Captain Harris, from whom defendant rented the place on which he lived, and endeavored to get him (Harris) to take the place from the defendant, and rent it to him (Shook); and that Harris refused to do so. The witness answered, "No;" he had not. The defendant then proposed to introduce Captain Harris, and to prove by him that the witness Shook had approached him, both before and since the arrest of the defendant, and endeavored to rent the place occupied by defendant from him (Harris). On objection by the State, the court refused to admit this testimony. Appellant insists that it was admissible to prove on the cross-examination of the witness Shook said fact, in order to show his animus towards the defendant, and, on his denying said conversation, then to prove the making of such statement to Harris, in order to impeach the witness Shook. It is generally held admissible to prove the animus of a witness towards the party against whom he testifies; but the fact that Shook proposed to rent the place from Harris, occupied by the defendant, standing as it does, unconnected with any other fact, in our opinion, fails to show such animus. Besides, the testimony in chief of the witness Walter Shook is not of a material character.

Appellant reserved the following bill of exceptions: "The defendant having placed X. B. Bell on the stand, by whom he proved the good reputation of the defendant, in the neighborhood in which he lived, for chastity and virtue, on his cross-examination the district attorney asked him the following question, to which, and the answer thereto, defendant's counsel objected, said question being as follows: 'Did you ever hear your brother George Bell say anything about the defendant (old man Forrester) being too thick with Mattie Pickett? Tell us what you heard him say.' To which he answered: 'I have heard him say that he was too thick with Mattie Pickett, but nothing about the other one;' the objections of defendant's counsel being (1) that the question was leading and suggested the answer; (2) that it did not go to the general reputa-

tion of defendant, and (3) on that, among other accounts, it was not pertinent to the issue, was irrelevant, could not prove the truth of the issue before the court, and therefore only calculated to unjustly prejudice the jury against the defendant. Which objections of the counsel for defendant were overruled by the court, the court stating that, as the witness was a character witness for the defendant, the inquiry was proper on the part of the State and that he would limit the object for which it was to go to the jury properly in his charge. And the court, over the same objections of defendant's counsel, permitted Columbus Lewallen, a State's witness, to detail a conversation that he had with A. J. Luke, in which he stated to said Luke that he had heard 'that old man Forrester was suspected of being too thick with Miss Mattie Pickett.' " Which the court explained as follows: "To all of which foregoing rulings of the court defendant by his counsel then and there excepted, and he prays that this his bill of exceptions number 1 be certified as a part of the record in this case, which is accordingly done, with the following additions, to wit: The witness X. B. Bell was placed on the stand by the defendant to prove his general reputation for virtue and chastity in the neighborhood in which he lived, and the witness having answered that he was acquainted with said reputation, and that it was good, said witness was asked by the district attorney whether he had ever heard defendant's character in his respect discussed, and, on answering that he had, he was then asked if he had not heard people talking generally about the defendant being too intimate with other women, to which he replied that he had never heard that the defendant had been too intimate with Mattie May. He was then asked if he had not heard his brother George Bell say that defendant was too intimate with the prosecutrix. He said, 'No; it was with Mattie Pickett.' And then the question was asked as to what he had heard about defendant and Mattie Pickett. With regard to the witness Columbus Lewallen, defendant interrogated this witness as to defendant's general reputation for virtue and chastity; and it was in answer to cross questions, on matters drawn out by defendant, that the evidence with respect to Mattie Pickett was elicited."

This bill presents the question: To what extent can the State cross-examine a witness for the defendant, who has been introduced to prove the good character of the defendant as to the particular matter under investigation (being chastity in this case)? That is, whether or not, on the cross-examination by the opposite party of a witness who testifies to the good character of a defendant for chastity, said witness can be asked as to whether or not he has heard of particular acts of unchastity charged against defendant. On the examination in chief the general rule is thus stated: On direct examination of a witness introduced to prove the character or general reputation, "the evidence must be confined to general reputation; and no evidence is allowed of particular acts of good or bad conduct either to sustain or impeach character. To thoroughly comprehend the scope of this rule, we must understand the reasons upon which it is founded, which are the following: (1) Every person is supposed to

be capable at any time of sustaining his general reputation; but it would be unreasonable to expect anyone to be prepared, without special notice, to answer an assault on his character, imputed by particular acts of bad conduct. (2) To allow such evidence, moreover, would lead to the mischief of raising any number of collateral issues, the trial of which might be almost interminable, and otherwise objectionable, as diverting the mind of the jury from the main issue." See 3 Rice on Crim. Ev., sec. 376, and authorities there cited; Boon v. Weathered, 23 Texas, 675. But it has been held that, "while particular acts of bad conduct are not admissible to assail character on the direct examination, a witness deposing to general character may be cross-examined as to the particular facts, in order to test the soundness of his opinion, and elicit the data on which it was founded." See 3 Rice on Crim. Ev., sec. 376; Jackson v. State, 78 Ala., 471; Steele v. State, 83 Ala., 20; 1 Tayl. Ev., sec. 352; 2 Starkie Ev., 304. The same author (Rice on Crim. Ev., sec. 375) uses the following language: "There can be no doubt that, when a witness is put upon the stand to attack or defend character, he can only be asked on the examination in chief as to the general character of the person whose character is in question; and he will not be permitted to testify to particular facts, either favorable or unfavorable to such person, but when the witness is subjected to cross-examination, he may then be asked, with a view to test the value of his testimony, as to particular facts. In the eye of the law, the character of a person is to be ascertained by any inquiry as to what is generally said or thought of him in the community where he resides. Hence, when a witness has testified on his examination in chief that the person as to whose character the inquiry is instituted bears a good character, his opinion and the value of it may be tested by asking the witness on his cross-examination whether he has ever heard that the person whose character is in question has been accused of doing acts wholly inconsistent with the character which he has attributed to him." Citing State v. Merriam, 34 S. C., 16, 12 S. E. Rep., 619.

This report is not accessible to us, and we have not had an opportunity to examine it, but we assume that it supports the text. It appears to us that the rule enunciated in these authorities states the correct and logical rule on the subject; and, applying that rule to the testimony admitted in this case, it occurs to us that the testimony was admissible, and that the court did not err in holding it so.

The charge in this case is rape; that is, the carnal knowledge by appellant of a female under the age of 15 years, said female not being his wife. The evidence before the jury authorized them to find the essential facts to be true, constituting the offense. The fact that the alleged injured female may have consented to the carnal intercourse is absolutely immaterial. It constitutes no defense to the charge. The questions of fact were a matter for the jury to pass upon, and they having found defendant guilty, we are not authorized to disturb their verdict.

No errors appearing in the record before us, the judgment is affirmed.

*Affirmed.*