## Mack Humphrey v. The State.

### No. 2929.   Decided November 16, 1904.

**1.—Rape—Evidence—Husband and Wife.**

Where a witness for the State testified that defendant and his wife, together with the assaulted party—upon whom he was charged to have committed rape—and other people, were in the room when witness got there, and defendant was sitting in the door with his head bowed, it was error to permit said witness to testify further that defendant's wife upon this occasion was crying.

**2.—Same—Declaration of Third Parties—Acts of Defendant.**

Statements of parties in the presence of the defendant, shortly after the alleged rape and with reference thereto, which charged him with this offense and which were not denied by him and to which he made no reply but bowed his head, were admissible in evidence.

Appeal from the District Court of Smith.   Tried below before Hon. R. W. Simpson.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment contains four counts: the first charges incest; the second, rape upon a girl under fifteen; the third, assault with intent to rape by force, threats and fraud; and the other charges assault to rape upon a girl under fifteen by force, threats and fraud.   The conviction was for rape, the punishment being assessed at five years confinement in the penitentiary. The State's case is made out by the testimony of the prosecutrix and Mary Jones.   The prosecutrix (step-daughter of appellant) testified to the sexual intercourse; and Mary Jones testified that she saw them commit the act.   The first bill of exceptions is reserved to the introduction of the testimony of the witness Underwood, who stated that he asked prosecutrix, If Mack Humphrey was guilty.   She replied, "yes."   When defendant heard this answer he made no reply, but bowed his head.   This bill was refused by the court, and there the matter ended.   While the same witness was testifying, he was permitted to state that when he went to the house of appellant his wife was crying.   This was shortly after the transaction.   This bill is explained as follows: "Jim Underwood had testified that defendant and

his wife, together with the assaulted party and other people, were in the room when he got there, and defendant was sitting in the door with his head bowed, and his wife was crying." Objection was urged that no act or statement of the wife of defendant could be used in evidence against appellant. As this bill is presented, we believe this exception is well taken. The fact that the wife was crying was an indication on her part, if it meant anything, that it was her opinion that appellant was guilty. This called for no response from appellant. It was the act of his wife indicating her feelings in regard to the matter, and was a circumstance which conveyed to the jury the idea that she believed in her husband's guilt. This is a different proposition from that which might be predicated upon a statement of the wife to the husband in the presence of third parties of a criminating nature, for that would call for a reply from him, and it would not have been the wife being forced to testify, but it would be another witness testifying to acts or conversations occurring between the parties. The act of crying called for no response or reply from the defendant and none was made. We believe the introduction of this testimony was error.

While the same witness was testifying, he was permitted to state as follows: "I said, 'What is the matter?' Angelina Wooten said, in answer to my question, 'Mack has ravished Eunice.'" This bill is explained by the court, as follows: "There had been no testimony introduced showing or tending to show that defendant was under arrest when the question was asked and Angelina Wooten said, 'Mack has ravished Eunice.' Testimony of Tim Underwood further showed that defendant was present when the statement was made, and he made no denial of the charge but bowed his head." We believe this testimony was admissible. The same may be said of the testimony of the same witness as contained in bill number four.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*