LESTER v. STATE.

(Court of Criminal Appeals of Texas. Feb. 5, 1913.)

1. APPEAL AND ERROR (§ 662*)—APPEAL—STATEMENT OF FACTS—CONCLUSIVENESS.

The statement of facts approved by the trial court is binding on the court on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2850–2852; Dec. Dig. § 662.*]

2. INTOXICATING LIQUORS (§ 239*)—FOLLOWING OCCUPATION OF SELLING LIQUOR IN LOCAL OPTION TERRITORY—EVIDENCE—INSTRUCTIONS.

Where the indictment charging accused with following the occupation of selling liquor in local option territory alleged that he pursued the occupation and on or about a designated date made different sales of liquor to third persons, and the evidence only established a sale to one of them not made directly by accused, and there was nothing to show that accused was a partner of any of the parties actually making a sale, or that he had any connection with them, a charge that if accused by agent, employé, or partner, while pursuing the business, made as many as two different sales to persons, he should be convicted, was erroneous.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 331–347; Dec. Dig. § 239.*]

3. INTOXICATING LIQUORS (§ 141*)—PURSUING OCCUPATION IN LOCAL OPTION TERRITORY—EVIDENCE.

Where a person made one sale of intoxicating liquor in local option territory without carrying on the business, or without being connected with the ownership of the liquor, or where he aided or abetted the owner to sell, he could not be convicted of pursuing the occupation in local option territory because one sale was insufficient.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 151; Dec. Dig. § 141.*]

4. INTOXICATING LIQUORS (§ 224*)—PURSUING OCCUPATION IN LOCAL OPTION TERRITORY—EVIDENCE.

The state, on a trial for following the occupation of selling liquor in local option territory, must show that local option was in effect at the time, and a mere offer in evidence of certified copies of orders showing that local option was in effect is not sufficient.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 275–281; Dec. Dig. § 224.*]

Appeal from District Court, Wichita County; P. A. Martin, Judge.

B. A. Lester was convicted of following the occupation of selling liquor in local option territory, and he appeals. Reversed and remanded.

Mathis & Kay, of Wichita Falls, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. The indictment charges that appellant, in justice precinct No. 4, followed the occupation of selling intoxicants while local option was in effect, in this: That on or about the 10th of July, 1912, and anterior to the presentment of the indictment, appellant, in justice precinct No. 4, Wichita county, did then and there engage in and pursue the occupation of selling intoxicating liquors in violation of said law, which law was then and there in full force and effect in said justice precinct No. 4, Wichita county, Tex., and that the said Lester did then and there, on or about the said date, to wit, July 10, 1912, make two different sales of intoxicating liquor, one to W. A. Gault, one to E. D. Williams, and one to W. E. Tipton, and on or about the said date did make different and other sales of intoxicating liquor to divers persons, in violation of said law, whose names to the grand jurors are unknown, and did during the months of June and July, 1912, and anterior to the presentment and filing of this indictment, make more, at least, than two sales of intoxicating liquor in violation of said law, which was then and there in full force and effect in said justice precinct No. 4, Wichita county, Tex., against the peace and dignity of the state. The jury gave appellant two years' imprisonment in the penitentiary.

It was shown by Reid that he was county clerk and was custodian of the records of the county court and had the records with him. It was also proved that at Electra there was a place known as "Less' Place." Terry testified that he had seen the defendant about there and knew the fact that whisky and beer had been sold in that place within the last 12 months. Said that he did not see appellant about the place at all at the time he bought beer; all that he knew

about the place was that it was called "Less' Cold Drinks"; that all he knew about defendant was that when he met him on the street he had been pointed out as Mr. Lester; that that was all he knew about him. Another witness testified that he had hauled a couple of barrels of something that he supposed to be beer; these were directed to defendant; he had only been to the place twice. Tipton, one of the alleged purchasers, testified: That he knew defendant, had seen him in Electra and in the courthouse, and in jail. That these were the only times he had ever seen him. That he saw him at his place of business in Electra, which had a sign over it "Less' Place." That he went in there and bought three bottles of beer. That Charlie Roberson was with him. He does not fix the time of this purchase. That he did not buy this beer from appellant, but bought it from another man who waited on them and received the money. That he saw appellant sitting over against the wall at the time indicated, but did not see him do anything. Roberson testified that he was up at "Less' Place," did not know when it was, but about six or eight weeks before he was testifying; that he and Tipton and appellant and "another big guy" were present, but he did not know who the "big guy" was. He says he did not recollect what the conversation was about, but they got some beer. He and Tipton got the beer. Appellant was then present, at the time he got the beer. They were discussing an election for constable; he did not think there was any sign in front of the place. He says "the big fellow," whom he did not know and was a stranger to him, sold him the beer; that "Less" was sitting "honkered" down by the side of the wall close to the door during this time; that he did not know the name of the big fellow, or "guy" as he called him, and had never seen him since. Another witness, La Croix, says he bought a bottle of beer in there, but this was not from the defendant. He never saw defendant sell any beer in there. F. D. Williams testified that he was running a dray wagon. He says he "hauled one jag there. It was for another man. I do not know who it was got me to haul it. I carried it to Mr. Lester's place. There was not any one there and I just put it off there. I do not know what it was; I just hauled a barrel. It looked something like a flour barrel, or something like that; I do not know just what." He did not notice any labels on the barrel he was hauling. He says: "This jag I hauled, Mr. Lester never paid me for it. One of the draymen paid me for it." He says he bought one pint bottle of beer from appellant. Tipton said the brand of beer he bought was Falstaff. This, he testified on recall, and that it was intoxicating. The statement of facts makes this recitation: "Plaintiff offered in evidence certified copies of orders showing that pro-

hibition was in force in the justice precinct of Electra, Wichita county, Tex."

The court charged the jury, among other things, in applying the law to the case, that if they found and believed from the evidence beyond a reasonable doubt that appellant engaged in the business of selling intoxicating liquors in precinct No. 4 of Wichita county, Tex., at any time during the year 1912, anterior to the 1st day of August, 1912, and that if they should find beyond a reasonable doubt that he in person, or by agent or employé or by partner, while engaged in such business, made as many as two different sales of such intoxicating liquors to persons appellant is charged to have made such sales to, within three years next before the filing of the indictment, then they would find him guilty. Appellant excepted to this charge and asked the following requested charge: "You are instructed to find a verdict of 'not guilty' in this case unless you find and believe from the evidence beyond a reasonable doubt that the defendant was engaged in the business of selling intoxicating liquors in justice precinct No. 4, Wichita county, Tex., at the times mentioned in the indictment; and that the defendant, while engaged in said business, sold, either in person or through some other person, as his agent, employé, or partner, at least two different sales to one or more of the parties named in the indictment." This was refused, and the appellant excepted. He asked also a charge that before they could convict they must find that appellant followed the business mentioned and made at least two sales of intoxicating liquors, as the making of sales is defined in the main charge, within three years next preceding the date of the filing of the indictment, "and that in this connection you cannot consider the sale shown to have been made to —— Williams of one pint of beer as being one of the two sales necessary to convict." These charges were refused.

[1-3] It is contended in the motion for new trial that the judgment is erroneous and against the evidence in that it is not shown that appellant, either in person or through any one else, made as many as two separate and different sales and that he was not shown to have had any connection with the persons whom the testimony shows made the sales, except one, and the state did not show that the persons making the sales were agents, or employés, etc., of appellant. And other attacks are made upon the sufficiency of the evidence, because it failed to prove a case against appellant, both as to his following the business, or making the necessary sales. We are of opinion that the judgment ought to be reversed. The state did not place either Gault or E. D. Williams on the stand to testify in the case. These were two of the parties set out in the indictment as having been purchasers. There was a witness by the name of Williams offered, but

this was another Williams, and not E. D. Williams; it was F. D. Williams. The witnesses did not fix the time of the sales as about that alleged in the indictment. The statement of facts, if it recites the testimony correctly—and we must be guided by that inasmuch as it is approved by the court—does not show any sale to but one of those named in the indictment, to wit, Tipton. We are under the impression that the attack on the court's charge which instructed the jury if they should find beyond a reasonable doubt that if appellant by agent, employé, or partner, while engaged in such business, if he was so engaged, etc., was error. The evidence does not show that he was a partner of any of the parties who sold, or that he ever had any connection with the men who sold, the stuff to Tipton, the only man alleged in the indictment, who purchased at the place mentioned. This charge is too indefinite. A clearer charge should have been given on the doctrine of principals, if appellant was to be held a principal. He might have made one sale in the place himself, without carrying on the business, or being in' any way connected with the ownership of it, and, even if he was aiding or abetting the owner of the place to sell, one sale would not be sufficient.

[4] It is also contended that it was not shown that local option or prohibition was in effect, and especially for three years prior to the filing of the indictment. It may be that appellant was guilty, but the record ought to be clearer showing his guilt and his connection with the matter and it ought to be clearer that the local option law was in effect. The mere fact that the state offered in evidence certified copies of the orders showing local option in effect is not sufficient under all the authorities in this state, so far as we are aware. It must be shown that the local option law was in effect at the time of the alleged offense. The mere statement that the evidence was offered is not sufficient to show that it was introduced. The authorities are singularly in harmony on this proposition. Many bills of exceptions have been held insufficient by this court because they failed to state that the evidence offered was in fact introduced in evidence. See Burke v. State, 25 Tex. App. 172, 7 S. W. 873; Jackson v. State, 28 Tex. App. 143, 12 S. W. 701; Wilson v. State, 32 Tex. Cr. R. 22, 22 S. W. 39; Simms v. State, 32 Tex. Cr. R. 278, 22 S. W. 876; Thompson v. State, 33 Tex. Cr. R. 223, 26 S. W. 198; Rodgers v. State, 34 Tex. Cr. R. 612, 31 S. W. 650; Isaacs v. State, 36 Tex. Cr. R. 532, 38 S. W. 40; Stroube v. State, 40 Tex. Cr. R. 583, 51 S. W. 357; Hutcherson v. State, 35 S. W. 375; Lyon v. State, 61 S. W. 126; Moseley v. State, 43 Tex. Cr. R. 560, 67 S. W. 414; Jacobs v. State, 28 Tex. App. 83, 12 S. W. 408; Smith v. State, 32 S. W. 696. In mak-

ing up a statement of facts it should be made to show, if the evidence was introduced, that it was introduced. The offer of testimony is one thing, and the introduction of testimony is quite a different thing.

This judgment is ordered to be reversed, and the cause remanded.