W. H. WHARTON v. THE STATE.

No. 13847. Delivered March 18, 1931.
Rehearing Denied April 22, 1931.

The opinion states the case.

*Bush & Parten,* of Franklin, for appellant.

*Frank A. Woods,* Sp. Pros., and *T. L. Tyson,* Co. Atty., both of Franklin, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for seven years.

Appellant killed T. D. Boatright by shooting him with a pistol.

The homicide occurred near the store of Felix Martinez. Sometime prior to the homicide, appellant and deceased had a quarrel, the details of which we do not set out. The testimony of the State was, in substance, as follows: Appellant and deceased were standing in front of Martinez's place of business engaged in conversation. Appellant had a pistol in his shirt bosom. Upon meeting deceased, appellant attempted to renew the quarrel with him. Deceased told appellant that he did not feel like talking to him about the matter. Appellant cursed deceased and deceased struck him with his fist. Appellant drew his pistol from his shirt bosom, and deceased turned and ran toward Martinez's store. Appellant fired one shot at deceased, and pursued him into the store. Deceased fell to the floor, and appellant fired several shots at him, one of the shots taking effect.

Appellant testified that deceased cursed him and struck him in the face with his fist. He testified further that deceased made a motion with his right hand as if to draw a pistol and that believing deceased was going to kill him, he drew his pistol and shot deceased. He denied that he cursed deceased or did anything to provoke the attack deceased made upon him. He said that his mind was agitated at the time he fired the fatal shot.

Bills of exception Nos. 1, 2, 3 and 10 relate to the action of the court in permitting medical experts to describe the effects of the wound inflicted on deceased. It appears that deceased lingered for several weeks, and that from the time he received the wound until his death he was completely paralyzed as a direct and immediate result of the wound. The physicians testified that the paralysis developed a bed sore, and, further, that deceased was unable to discharge his urine voluntarily and naturally. The bills recite that appellant objected to the testimony touching the description of the wound and the condition of deceased during the time he was confined in the hospital on the ground that it was immaterial, irrelevant, prejudicial, inflammatory and shed no light upon any issue of the case, but merely emphasized deceased's suffering. We are unable to determine from the bills of exception whether the fact that deceased was paralyzed and developed a bed sore shed any light on the issues to be determined by the jury. It is merely recited as a ground of objection that the testimony was irrelevant, immaterial and shed no light on any issue in the case. The bills fail to set out anything that would enable us to determine that the objections were well taken. The mere statement of a ground of objection is not a certificate on the part of the trial judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Annotated Penal Code, Sec. 209; Buchanan v. State, 107 Texas Crim. Rep., 559, 298 S. W., 569. It is the general rule that a physician who has examined and described the wound may express an opinion as to the probable

causes, nature, and effect of the wound, and the consequences thereof, without violating the rules of evidence. Windham v. State, 93 Texas Crim. Rep., 477, 248 S. W., 51, and authorities cited.

As disclosed by bill of exception No. 7, when appellant followed deceased into the store of Felix Martinez and emptied his pistol at him, Martinez said to appellant: "Please don't shoot any more. The man is down." Appellant objected to proof of this statement on the ground that it was made by a bystander, and inadmissible for any purpose. It is the rule that if a statement of a third person is part of the transaction, and illustrates the feelings, motives and acts of the principal actors, proof of same is admissible as part of the res gestae. Wade v. State, 98 Texas Crim. Rep., 27, 263 S. W., 589. We think the statement res gestae, and admissible under the rule stated.

Many bills of exception relate to questions propounded by the county attorney on cross-examination of certain named witnesses who had testified for appellant that his general reputation as being peaceable and law-abiding was good. It is the rule that a witness to the good character of the accused may be asked upon cross-examination whether he had heard rumors of particular and specific charges or acts of accused inconsistent with the character he was called to prove, not to establish the truth of such charges, but to test his credibility and enable the jury to weigh his evidence. Townsley v. State, 103 Texas Crim. Rep., 508, 281 S. W., 1054. Appellant objected to these questions as follows: "Defendant then and there timely objected to these questions being asked and such matter being gone into and made his objections to the court before same were asked and inquired about, for the reasons such testimony was wholly inadmissible, and not confined to the general reputation of the defendant, was highly prejudicial and inflammatory to defendant's rights, and because same were not confined to such acts and misconduct on the part of the defendant for which legal charges, if any, might have been filed against the defendant, or which might have involved moral turpitude, and because such inquiries were about imaginary and separate transactions from the offense for which defendant was on trial, and such questions conveyed to the minds of the jury the idea that such alleged assaults were true and the county attorney had heard of same." In most instances the character witnesses were asked if they had heard rumors of appellant having made an assault upon a named person at a particular time and place. It is true that it was not shown that the transactions inquired about had resulted in charges having been filed. Whether or not charges had been filed was immaterial. We state this in view of a recital in the bills of exception to the effect that the appellant had not been legally charged with an offense growing out of the transactions inquired about. There is nothing in the bills of exception to support the objection that the charges were "imaginary."

Bill of exception No. 20 presents the following occurrence: Joe Foster, a witness for appellant, had testified that appellant's general repution for being peaceable and law-abiding was good. The county attorney asked the witness on cross-examination the following question: "How many people did you ever hear of Mr. Lee Wharton (appellant) being implicated in killing prior to this homicide?" Appellant objected to the form of the question, and the county attorney withdrew it. Appellant contends that the withdrawal of the question failed to cure the error. There is nothing in the bill of exception to show that the question was not asked in good faith. It may have been too general in failing to direct the attention of the witness to rumors of particular and specific charges. If the witness had heard a rumor to the effect that appellant had killed another person it was proper for the State to elicit such fact from him. Townsley v. State, supra. Bills of exception Nos. 14 and 22 present a question similar to that found in the foregoing bill.

One of the bills of exception shows that the trial court permitted a witness for the State to testify that about 35 or 45 minutes after the fatal difficulty he placed appellant under arrest and took him to his home; that in the presence of the witness, appellant stated to his wife; "Now mama I have done killed him and I don't want to worry you about it because I have got plenty of friends." The bill discloses that the appellant was nervous and excited. Appellant objected to proof of the statement on the ground that he was under arrest and that the circumstances showed it was not res gestae. We deem it unnecessary to decide whether the statement was admissible as res gestae. If not admissible as such, we are unable to see how it harmed appellant. The fact that appellant shot deceased was uncontroverted. Moreover, he introduced his wife as a witness in his own behalf and elicited from her substantially the same testimony. She testified that appellant said: "Mama I am in trouble but don't worry, I have lots of friends." She denied, however, that appellant stated that he had killed deceased. However, the fact that appellant killed deceased was not only uncontroverted, but also came to the jury from the lips of appellant himself.

The record in this case is voluminous. We have not undertaken to discuss each bill of exception. However, we have carefully examined every contention made by appellant. The opinion is expressed that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The rule is both sound and reasonable that complaints in bills of exception in murder cases of the reception of testimony as to the bad condition of the body and organs generally of the deceased at any time between the shooting and his death, must bring forward something more informative than that such testimony was admitted over objection that same was immaterial, irrelevant and prejudicial. The trial court did not agree to the soundness of such complaint when he overruled same. In Thompson v. State, 90 Texas Crim. Rep., 21, 234 S. W., 401, 405, we said: "A bill of exception so framed as to compel this court to search the statement of facts in order to find out what is therein referred to and meant, is ordinarily held by us insufficient and defective."

This court always presumes correctness in the rulings of the trial courts until the contrary is demonstrated. In this case we would not only have to go to other parts of the record to supplement bills of exception 1, 2, 3 and 10, but would have to read all of the facts and sift them only in the light of such broad objections, before we could pass on same. This we are not required to do. It would be reasonable on the trial of one charged with murder, when the record shows a shooting on September 7th and death of October 26th following, that issues might arise upon which either the State or the defense could legitimately call for testimony as to the condition of the body and organs of the injured party, or his wounds, at any time between the shooting and death. We call appellant's attention to the case of Simpson v. State, 97 Texas Crim. Rep., 57, 263 S. W., 273, in which testimony somewhat similar to that here complained of was held admissible.

Appellant's theory of the case was self-defense. As rebutting this, and also as a part of the res gestae, it was permissible to show appellant followed the deceased into the store of Martinez and there shot him as he lay on the floor with his hands upraised, and that before he fired the last shot Martinez said to appellant not to shoot any more, the man was down. Mr. Branch cites cases in Sec. 87 of his annotated P. C. upholding the admissibility of the statements of third parties as res gestae when same illustrate the feelings, motives and acts of the principal actors. See Humphrey v. State, 47 Texas Crim. Rep., 262, 83 S. W., 187.

Bill of exception 14 fails to show what, if any, answer was made by the witness to whom same was propounded. For aught we know he may have answered in the negative, and the question presents in its mere form no such hurtful matter as calls for a reversal. If the objection be to the testimony and not to the form of the question, it should appear from the bill not only that the question was asked but also that it was answered and how. Alexander v. State, 82 Texas Crim. Rep., 431, 199 S. W.,

292; Jackson v. State, 28 Texas App., 143, 12 S. W., 701; Rodgers v. State, 34 Texas Crim. Rep., 612, 31 S. W., 650.

The opposite party has the right, under our practice, in cross-examining witnesses to good character, to ask with reference to specific instances which reflect unfavorably on the trait involved. See Sec. 184, Branch's Annotated P. C.; Forrester v. State, 38 Texas Crim. Rep., 245, 42 S. W., 400; Stull v. State, 47 Texas Crim. Rep., 547, 84 S. W., 1059. We are not prepared to say that under this rule it would not be permissible to ask a witness in a murder case, who has testified to the good general reputation of the accused as a peaceable, law-abiding citizen, if he has not heard that the accused had been implicated in other murder charges. In no event would we hold that the mere asking of such question, and its withdrawal upon objection, would establish that a hurtful and improper question had been purposely asked by the State.

Relative to the statement of appellant claimed by the State to have been made to his wife when he first saw her after the shooting, but while under arrest, we note that appellant testified as to his own mental condition between the time of the shooting and when he made bond, as follows: "I was suffering and hurting and nervous." Again when asked if he was laboring under pain and excitement during that time, he said, "Yes, I will leave it to you," evidently referring to the prosecuting attorney shown by the testimony to have been present during said time. Under this record we fail to see any error in the disposition in our former opinion of appellant's objection to testimony as to what he said to his wife.

Paragraph five of the court's charge set forth the usual and customary definition of malice aforethought. This was excepted to for its failure to tell the jury that sudden anger, rage, resentment, fear or terror, in the mind of the accused at the time of the homicide, would be a sufficient provocation to excuse or justify the accused in his conduct at the time charged in the indictment; and would also be sufficient to show that the defendant acted without malice aforethought. If we comprehend this complaint it seems without merit. Such a charge as suggested would clearly be on the weight of the evidence. Gatlin v. State, 113 Texas Crim. Rep., 247, 20 S. W. (2d) 431. It is the duty of trial courts under our present murder statute to let in testimony as to all relevant facts and circumstances surrounding the killing, and all such facts and circumstances going to show the condition of the mind of the accused at the time, etc., *which may be considered by the jury in determining the punishment to be assessed.* In the instant case apparently all such facts and circumstances were admitted in evidence, and the court told the jury in his charge, after defining malice aforethought, that unless from all the facts and circumstances in evidence before them they believed beyond a reasonable doubt that the accused was actuated by malice aforethought,

they could not assess a punishment of more than five years. This we believe to be the character of charge applicable to the use to be made by the jury of such facts, etc., as is contemplated by the statute.

We fear appellant overlooked in his criticism of the court's charge on apparent danger the statement in same as follows: "Or if at said time it reasonably appeared to the defendant, viewed from his standpoint alone, that said Boatright had made, was making, or was about to make an attack upon him," etc. Clearly this part of the court's charge brings this case within the rule laid down in the cases cited in appellant's motion. See Carlile v. State, 112 Texas Crim Rep., 554, 18 S. W. (2d) 163; id. 90 Texas Crim. Rep., 1, 232 S. W., 822. As we understand the charge the court did tell the jury that if appellant believed, viewed from his standpoint alone, that the deceased was about to make an attack upon him, causing him to fear for his life or serious bodily injury, that he would have the right to defend himself.

We have again examined the record with reference to the sufficiency of the testimony to justify the jury in finding appellant guilty of murder with malice aforethought, and are unable to bring ourselves to believe said record deficient in this particular. We have viewed the other complaints made in appellant's motion, and are of opinion that none of them call for favorable action on the part of this court.

The motion for rehearing will be overruled.

*Overruled.*